WICKER, J.
In this slip and fall case, plaintiff-patron appeals the judgment in favor of merchant-defendant rendered following a bench trial. For the following reasons, we affirm the trial court judgment.
Factual and Procedural Background
On September 14, 2016, plaintiff, Adrian Williams, filed suit in the Twenty-Fourth Judicial District Court for the Parish of Jefferson against Supervalu, Inc. and Moran Foods, LLC d/b/a Save-A-Lot (hereinafter "Save-A-Lot"), for personal injuries allegedly arising from a September 26, 2015 slip and fall accident at the Airline Drive Save-A-Lot store location. The matter proceeded to trial on October 10, 2017, before the Honorable Ellen Kovach.
At trial, plaintiff testified that she was grocery shopping in the produce department of the Airline Drive Save-A-Lot store on September 26, 2015. As she walked through the produce section, she spoke briefly with a store employee, later identified as George Gibbs, stocking grapes onto the produce shelves. After speaking with Mr. Gibbs, as she walked away, she slipped on a purple grape on the floor and fell to the ground. Plaintiff testified that she hit her shoulder and busted her lip on the metal railing of the produce shelving, hit both knees onto the floor, and lost consciousness immediately after the fall. Plaintiff testified that she has no knowledge of how the grape fell onto the floor or for how long the grape was on the floor prior to her fall.
Plaintiff testified that she sustained head, neck, back, shoulder, and knee pain from the accident. She treated with Southshore Physicians Group for her soft tissue injuries until she was referred for orthopedic care for her shoulder and knee pain. However, plaintiff testified that although she still suffered from pain at the time of trial, she could not afford to treat with an orthopedic specialist. She testified that she has not sought medical treatment for accident-related pain since February of 2016.[1]
Scott Hammonds, the Save-A-Lot store manager, testified at trial that he was present on the date of plaintiff's fall and he responded to the produce department after the accident. Mr. Hammonds testified *550 that he spoke with plaintiff, reviewed the surveillance videos from the time plaintiff entered the store through the time of her fall, and asked plaintiff to complete an incident report. Mr. Hammonds stated that when he reviewed the surveillance video, he observed Mr. Gibbs walk through the produce department to stock grapes onto the shelves. He stated he did not observe Mr. Gibbs drop any grapes on the floor while carrying the tray of grapes to restock. Furthermore, he testified that he observed another female customer pushing a cart in the produce section, who was putting a bag of grapes in her cart before the accident. He saw the same female customer taking the grapes out of her bag and snacking on the grapes approximately one minute before the accident. The video surveillance was introduced into evidence and played at trial. Mr. Hammonds pointed out to the court that, immediately after the other female customer pushed her cart to leave the produce section, a reddish grape appears on the floor. Immediately thereafter, another customer is seen walking towards the produce shelving and steps on the grape that is on the floor. Seconds later, plaintiff slips on the same grape. Mr. Hammonds testified, and the surveillance video reflects, that the grape was on the floor approximately 25 seconds before plaintiff's fall.
After the accident, Mr. Hammonds completed a video incident report, in which he concluded, "Customer slipped on grape. Camera shot shows grape on floor 30 seconds prior [to] incident. Grape fell from cart. Customer, white female, red shirt." He concluded based upon the video surveillance that the grape plaintiff stepped on fell out of another customer's cart soon before plaintiff's fall. The incident report further reported that plaintiff complained of a busted lip and left knee pain.
Mr. George Gibbs, the store's produce manager at the time of the accident, also testified at trial. He testified that he arrived to the store at 7:00 a.m. on the morning of the accident and began restocking produce. Concerning the grapes, he testified that he retrieved in total four crates of grapes from the warehouse. He explained that each crate contains cardboard trays of grapes from various manufacturers, which are each wrapped in cellophane packaging, and are to be restocked onto the produce shelves. The surveillance video reflects that Mr. Gibbs was restocking grapes at the time of plaintiff's fall.
Dr. Theodore Irra with Southshore Physicians Group testified that he treated plaintiff for soft tissue injuries, including knee pain, from October 2, 2015, through December 14, 2015. Plaintiff reported that she slipped and fell in a grocery store and that she suffered from retrograde amnesia after the fall. Dr. Irra testified that his records reflect that plaintiff reported "waking up with her face pressed against the freezer. Patient had knot on her bottom lip and a small cut." Although plaintiff's other soft-tissue injury complaints resolved, plaintiff continued to complain of right shoulder and knee pain, which caused Dr. Irra to order an MRI of plaintiff's right knee and right shoulder. Dr. Irra testified that plaintiff's right knee MRI reflected a likely sprain of the anterior meniscus and a tear in the lateral meniscus. The right shoulder MRI reflected a probable nerve impingement. Dr. Irra discharged plaintiff on February 16, 2016, and referred her to an orthopedist for her continuing shoulder and right knee pain. Dr. Irra testified that it is more likely than not that plaintiff's right shoulder and knee injuries were caused by the accident at issue.
At the conclusion of trial, the trial judge ruled in favor of defendant and dismissed *551 plaintiff's suit with prejudice. The trial judge found that plaintiff's fall was caused by a grape that fell from the cart of another customer and, thus, the dangerous condition was not created by defendant. Further, she found that defendant did not have constructive notice of the unreasonable condition because the grape remained on the floor for only 25 seconds prior to plaintiff's fall. Thus, the trial judge determined that plaintiff failed to meet her burden to prove defendant's liability under La. R.S. 9:2800.6.
Discussion
On appeal, plaintiff assigns as error the trial court's judgment in favor of defendant, claiming that plaintiff proved that defendant created or had constructive notice of the dangerous condition-the grape on the floor. Plaintiff further contends that the trial judge erred in finding that plaintiff failed to prove that her alleged personal injury damages were causally related to the accident at issue.[2]
In a slip or fall case against a merchant, a plaintiff must prove the essential elements of a standard negligence claim in addition to the requirements under La. R.S. 9:2800.6. Sheffie v. Wal-Mart Louisiana LLC , 13-792 (La. App. 5 Cir. 2/26/14), 134 So.3d 80, 83-84, writ denied , 14-0881 (La. 6/20/14), 141 So.3d 813 ; Melancon v. Popeye's Famous Fried Chicken , 10-1109 (La. App. 3 Cir. 3/16/11), 59 So.3d 513, 515.
La. R.S. 9:2800.6, in pertinent part, provides:
(B) In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury,
death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
(3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.
A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage. Lousteau v. K-Mart Corp. , 03-1182 (La. App. 5 Cir. 3/30/04), 871 So.2d 618, 623, writ denied , 04-1027 (La. 6/25/04), 876 So.2d 835. Although the owner of a commercial establishment has an affirmative duty to keep the premises in a safe condition, he is not the insurer of the safety of his patrons. Trench, supra.
Under La. R.S. 9:2800.6, a plaintiff has the burden of proving that the condition presented an unreasonable risk of harm, that the risk of harm was reasonably *552 foreseeable, and that the merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence. Id. Because a plaintiff must prove each element under La. R.S. 9:2800.6, the failure to prove any element is fatal to the plaintiff's cause of action. Trench, supra ; Flowers v. Wal-Mart Stores, Inc. , 12-140 (La. App. 5 Cir. 7/31/12), 99 So.3d 696, 699.
"Constructive notice" means that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. Trench, supra . To carry her burden of proving this temporal element required under La. R.S. 9:2800.6(B)(2), a plaintiff must present "positive evidence" of the existence of the condition prior to the accident. Sheffie , 134 So.3d at 84 ; Barrios v. Wal-Mart Stores, Inc. , 00-2138 (La. App. 1 Cir. 12/28/01), 804 So.2d 905, 907, writ denied , 02-0285 (La. 3/28/02), 812 So.2d 636. Though there is no bright-line time period, a plaintiff must show that " 'the condition existed for such a period of time' " and that the defendant-merchant should have noticed the defect in exercising reasonable care. Sheffie , 134 So.3d at 84, citing White v. Wal-Mart Stores, Inc. , 97-0393 (La. 9/9/97), 699 So.2d 1081, 1084 ; Burns v. Sedgwick Claims Mgmt. Servs. , 14-421 (La. App. 5 Cir. 11/25/14), 165 So.3d 147, 153.
The testimony and evidence introduced at trial, including the store surveillance video, supports the trial judge's factual findings that another customer, the female in the red shirt, caused the grape to fall onto the floor approximately 25 seconds before plaintiff's fall. Therefore, we find no error in the trial court's factual finding that defendant-merchant did not create nor have constructive notice of the unreasonably dangerous condition. Consequently, we find no error in the trial court's determination that plaintiff failed to meet her burden under La. R.S. 9:2800.6. Accordingly, the trial court judgment is affirmed.
AFFIRMED

Plaintiff testified that she suffered prior injuries related to complications during a 2011 surgery, which left her in a coma for two months and resulted in nerve damage to her right side. She sees a neurologist for her nerve damage resulting from the surgery. She also testified that her Save-A-Lot fall at issue was not the result of her vertigo or nerve damage.

Additionally, plaintiff seeks review of the denial of plaintiff's motion in limine to restrict the deposition testimony of Dr. Theodore Broussard, introduced into evidence at trial, concerning the causation and extent of plaintiff's personal injury damages. Because we find the trial judge did not err in finding defendant owed no liability to plaintiff for her damages, we pretermit discussion of this assignment of error.