ALIKI SWATT

VERSUS

WAL-MART STORES, INC.

NO. 21-CA-66

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 785-969, DIVISION "D"
HONORABLE SCOTT U. SCHLEGEL, JUDGE PRESIDING

December 29, 2021

**STEPHEN J. WINDHORST**
**JUDGE**

Panel composed of Judges Stephen J. Windhorst,
Hans J. Liljeberg, and John J. Molaison, Jr.

**<u>AFFIRMED</u>**
    **SJW**
    **HJL**
    **JJM**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Alexis Barteet
Deputy Clerk, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
ALIKI SWATT
 Scott J. Chafin, Jr.
 Julie P. Johnson
 Brett P. Fenasci
 Stephen M. Chouest, Sr.
 J. Rand Smith, Jr.

COUNSEL FOR DEFENDANT/APPELLEE,
WALMART INC., F/K/A WAL-MART STORES, INC.
 Isidro R. DeRojas
 Dorothy L. Tarver
 Christopher James-Lomax

**WINDHORST, J.**

In this slip and fall case, plaintiff, Aliki Swatt, appeals the trial court's judgment granting the motion for summary judgment filed by defendant, Walmart, Inc., formerly known as Wal-mart Stores, Inc., and dismissing plaintiff's claims against defendant. For the following reasons, we affirm the trial court's judgment.

**FACTS and PROCEDURAL BACKGROUND**

On July 25, 2018, plaintiff, Ms. Swatt, filed suit in the Twenty-Fourth Judicial District Court for the Parish of Jefferson against Walmart for personal injuries allegedly caused by a July 25, 2017 slip and fall accident at the 3265 Manhattan Boulevard Walmart store, No. 5722. Plaintiff alleged that she slipped and fell due to the presence of grapes on the floor of the store's produce area.

On May 6, 2020, Walmart filed a motion for summary judgment, asserting that plaintiff cannot put forth any evidence that Walmart had actual or constructive notice of the condition she alleges caused her to slip and fall on Walmart premises. Walmart attached to its motion plaintiff's petition for damages, plaintiff's deposition, Walmart's surveillance video, the incident report, and affidavits of two Walmart employees verifying the surveillance video. Walmart argued that plaintiff could not satisfy her burden of showing that Walmart created the condition that allegedly caused her incident, or that Walmart had actual or constructive notice of the condition that allegedly caused her incident. Walmart asserted plaintiff had no corroborating evidence to support her allegation that a Walmart employee dropped grapes on the floor while stocking the area before her incident. Walmart also asserted plaintiff had no factual support to show Walmart had actual or constructive notice of the presence of grapes on the floor prior to her fall.

In her deposition, plaintiff testified that she did not see the grapes but that she determined she fell on green grapes because of the smudges on her jeans. In addition, plaintiff relied on the surveillance video taken at the time of her incident

in asserting that there were grapes on the floor for approximately 50 to 55 minutes, that there were a few employees stocking items in the area of her incident, and that an employee cleared something off of her shoe in the same area as her fall. Plaintiff, however, acknowledged that the surveillance video did not clearly show the floor of the produce department or the alleged grapes. Plaintiff did not recall at the time of her fall whether she saw any employees in the area of her incident.

The surveillance video attached to Walmart's motion is authenticated by affidavits of two Walmart employees attesting that the video shows the produce department where plaintiff fell on the day of and at the time of plaintiff's fall. The video shows plaintiff's fall in the produce department of the Walmart store. The video, however, does not clearly show the floor where plaintiff fell or any Walmart employee stocking grapes in the vicinity of plaintiff's fall.

On August 17, 2020, plaintiff filed an opposition to the summary judgment motion, asserting various arguments, including spoliation of evidence, estoppel, Walmart's reliance on improper evidence, and Walmart's admissions based on the failure to respond to requests for admissions. Plaintiff attached to her first opposition correspondence from Walmart's claims management company, plaintiff's first set of discovery requests to Walmart, and Walmart's responses to those requests. After plaintiff filed this opposition, however, the summary judgment hearing was continued, and additional discovery took place in the case.

After obtaining additional discovery, on October 12, 2020, plaintiff filed a second opposition to Walmart's motion for summary judgment, asserting that the resolution of whether Walmart had actual or constructive knowledge is fact-intensive and, based on the evidence presented, genuine issues of material fact exist requiring the denial of Walmart's motion for summary judgment. Plaintiff attached additional exhibits to her second opposition, including a photo of the area where she fell, a form entitled "Video Request Form: Customer Incident" in which a Walmart

employee stated facts about the incident and plaintiff requested the surveillance video, and safety solutions for the produce department.

On November 2, 2020, Walmart filed a reply brief in further support of its motion for summary judgment. Walmart's motion for summary judgment was heard via Zoom video conferencing due to COVID-19 on November 10, 2020. The trial court granted Walmart's motion finding as follows: (1) plaintiff did not carry her "burden of proof as [it] relates to knew or should have known"; (2) there was "zero positive evidence whatsoever" to suggest that the grape plaintiff allegedly slipped and fell on was on the floor any period of time; and (3) the video does not show "a grape that falls or a grape that exists on the floor." Plaintiff appealed this judgment.

## LAW and ANALYSIS

On appeal, plaintiff asserts that the trial court erred in finding there is no genuine issue of material fact regarding whether a hazardous condition existed on the Walmart floor for some period of time before her fall.

A motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966 A(3). An issue is genuine if it is such that reasonable persons could disagree; if only one conclusion could be reached by reasonable persons, summary judgment is appropriate as there is no need for trial on that issue. Upton v. Rouse's Enter., LLC, 15-484 (La. App. 5 Cir. 2/24/16), 186 So.3d 1195, 1198, writ denied, 16-580 (La. 5/13/16), 191 So.3d 1057.

Summary judgment law permits the following documents to be filed in support of or in opposition to the motion for summary judgment: pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, written stipulations and admissions. La. C.C.P. art. 966 A(4). No additional documents may be filed with the reply memorandum. La. C.C.P. art. 966 B(3). La.

C.C.P. art. 966 D(2) states that "The court may consider only those documents filed in support of or in opposition to the motion for summary judgment and shall consider any documents to which no objection is made. Any objection to a document shall be raised in a timely filed opposition or reply memorandum."

Under La. C.C.P. art. 966 D, the initial burden is on the mover to show that no genuine issue of material fact exists. If the moving party will not bear the burden of proof at trial, the moving party must only point out that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. La. C.C.P. art. 966 D. The nonmoving party must then produce factual support to establish that he will be able to satisfy his evidentiary burden of proof at trial. Id. If the nonmoving party fails to do so, there is no genuine issue of material fact, and summary judgment should be granted. Babino v. Jefferson Transit, 12-468 (La. App. 5 Cir. 2/21/13), 110 So.3d 1123, 1125.

Appellate courts review a judgment granting or denying a motion for summary judgment *de novo*, using the same criteria governing the trial court's consideration of whether summary judgment is appropriate. Montalbano v. Persich, 18-602 (La. App. 5 Cir. 5/29/19), 274 So.3d 855, 861; Dufour v. Schumacher Grp. of Louisiana, Inc., 18-20 (La. App. 3 Cir. 8/1/18), 252 So.3d 1023, writ denied, 18-1456 (La. 11/20/18), 256 So.3d 991; Bonin v. Westport Ins. Corp., 05-886 (La. 5/17/06), 930 So.2d 906, 910; Schroeder v. Bd. of Supervisors of La. State Univ., 591 So.2d 342, 345 (La. 1991). An appellate court's *de novo* review of the trial court's ruling on summary judgment is generally from the same viewpoint as that of the trial court, but with a fresh consideration of the exhibits and application of the law. Allday v. Newpark Square I Off. Condo. Ass'n, Inc., 20-358 (La. App. 5 Cir. 8/18/21), 327 So.3d 566. Unlike trial court's findings of fact, trial court's rulings on motions for summary judgment are reviewed without regard or deference because credibility is not at issue. Id; Montalbano, 274 So.3d at 860-861. Thus, courts of

appeal review summary judgment evidence and procedure from the same perspective as the trial court.[1]

**Walmart's Motion for Summary Judgment**

A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage. Williams v. Supervalu, Inc., 18-143 (La. App. 5 Cir. 11/7/18), 259 So.3d 547, 551. Although the owner of a commercial establishment has an affirmative duty to keep the premises in a safe condition, he is not the insurer of the safety of his patrons. Id.

La. R.S. 9:2800.6, the Merchant Liability Statute, imposes a heavy burden of proof on a plaintiff for claims arising from a fall on a merchant's premises. Frank v. Boomtown L.L.C., 12-382 (La. App. 5 Cir. 12/11/12), 106 So.3d 227, 232. In a negligence claim against a merchant for a slip and fall under La. R.S. 9:2800.6 B, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:

(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.

(2) The merchant either **created** or had **actual** or **constructive notice** of the condition which caused the damage, prior to the occurrence.

(3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.     [Emphasis added.]

---

[1] Walmart filed a motion to supplement with a photo asserting that plaintiff submitted a photo different from the one Walmart produced in discovery. In her brief, plaintiff relies on a photo that was actually attached to a motion to determine sufficiency of discovery responses not her summary judgment oppositions. Before oral argument, we denied Walmart's motion to supplement. Courts of appeal make decisions based on the trial court record. We do not admit or consider new evidence on appeal. In addition, the trial court, and this court on *de novo* review, may only consider evidence admissible under La. C.C.P. art. 966 D(2). The photos at issue were not filed in support of or in opposition to the motion for summary judgment nor admitted into evidence during the hearing. No evidence, except exhibits which had been filed with the summary judgment memoranda, could be considered by the trial court, and no such evidence may be considered on appeal, even if it is filed elsewhere in the trial record, or in support of or opposition to other motions heard the same day. Huggins v. Amtrust Ins. Co., *et al*, 20-516 (La. App. 1 Cir. 12/30/20), 319 So.3d 362, 366-67.

To satisfy the "constructive notice" requirement, the claimant must prove that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. La. R.S. 9:2800.6 C(1). Constructive notice is not proven by the mere presence of an employee of the merchant in the vicinity in which the condition exists, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition. Id. This element requires that the claimant make a positive showing of the existence of the condition prior to the fall. White v. Wal-mart Stores, Inc., 97-393 (La. 9/9/97), 699 So.2d 1081, 1086.[2]

Whether the period of time is sufficiently lengthy that a merchant should have discovered the condition is necessarily a fact question; however, there remains the prerequisite showing of some time period. David v. Dollar Tree Stores, Inc., 19-36 (La. App. 5 Cir. 10/2/19), 282 So.3d 329, 332. A claimant who simply shows that the condition existed without an additional showing that the condition existed for some time before the fall has not carried the burden of proving constructive notice as mandated by the statute. Id. Though the time period need not be specific in minutes or hours, constructive notice requires that the claimant prove the condition existed for some time period prior to the fall. Id. Mere speculation is not enough to meet the plaintiff's burden under La. R.S. 9:2800.6. Frank, 106 So.3d at 232.

Plaintiff asserts that she produced circumstantial evidence identifying a hazard of slippery fallen grapes near the grape display that was not created shortly before her fall. Plaintiff relies on the following: (1) her testimony identifying the substance that caused her fall as smashed green grapes; (2) photographs taken by Walmart's manager immediately after plaintiff's fall allegedly showing that the smashed green grapes were so heavily soiled and tracked that they appeared

---

[2]  A defendant merchant does not have to make a positive showing of the absence of the existence of the condition prior to the fall. Notwithstanding that such would require proving a negative, the statute simply does not provide for a shifting of the burden. 699 So.2d at 1086.

liquefied and blackened; (3) Walmart's incident report and employee affidavit, which allegedly establish that plaintiff fell near the grape display; (4) Walmart's surveillance video, which allegedly provides circumstantial evidence that the hazard was not created shortly before plaintiff's fall; and (5) Walmart's surveillance video and employee affidavit, which together prove that Walmart's employees did not perform any cleaning or inspection of the area during the hour before plaintiff's fall and that instead a Wal-Mart employee was working in the area and should have seen the hazardous condition.

Upon review, we find that plaintiff cannot satisfy her burden of proving that a condition presenting an unreasonable risk of harm existed, or that Walmart had actual or constructive notice of the condition which allegedly caused damages resulting from plaintiff's fall, prior to the fall. Specifically, plaintiff cannot show that there were grapes or a grape on the floor of the Walmart produce area for some period of time prior to her fall. Although the video shows an employee in the vicinity of plaintiff's fall, plaintiff cannot show that there was a hazard present on the floor, much less that any hazard existed for some period of time before her fall. The video does not confirm that there were grapes or a grape on the floor. It does not show someone or something causing a grape to fall on the floor, and moreover, it does not show others slipping in or avoiding the area where plaintiff fell. Thus, the surveillance video supports the trial court's conclusion that the video fails to show that a grape fell on the floor or existed on the floor at the time of plaintiff's fall.

In addition, there are no photographs supporting plaintiff's assertion that her fall was caused by a smashed grape on Walmart's floor.

In light of the forgoing, we find no error in the trial court's granting of Walmart's motion for summary judgment, thereby dismissing plaintiff's claims against it, and affirm that judgment.

**DECREE**

For the reasons stated above, we affirm the trial court's judgment.

**<u>AFFIRMED</u>**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

NANCY F. VEGA
CHIEF DEPUTY CLERK

SUSAN S. BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

(504) 376-1400
(504) 376-1498 FAX

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**DECEMBER 29, 2021** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

_Curtis B. Pursell_

**CURTIS B. PURSELL**
CLERK OF COURT

# 21-CA-66

### E-NOTIFIED

24TH JUDICIAL DISTRICT COURT (CLERK)
HON. SCOTT U. SCHLEGEL (DISTRICT JUDGE)
BRETT P. FENASCI (APPELLANT)      J. RAND SMITH, JR. (APPELLANT)      JULIE P. JOHNSON (APPELLANT)
STEPHEN M. CHOUEST, SR. (APPELLANT)   ISIDRO R. DEROJAS (APPELLEE)       PETER S. MARTIN (APPELLEE)
SIDNEY J. HARDY (APPELLEE)

### MAILED

CHRISTOPHER JAMES-LOMAX          SCOTT J. CHAFIN, JR. (APPELLANT)
(APPELLEE)                        ATTORNEY AT LAW
ATTORNEY AT LAW                   9284 LINWOOD AVENUE
909 POYDRAS STREET               SHREVEPORT, LA 71006
SUITE 1000
NEW ORLEANS, LA 70112