KAREN YESSENIA ORELLANA HENRIQUEZ
AND JOSE HENRIQUEZ TERUEL JAAS

VERSUS

MACY'S RETAIL HOLDINGS, INC. AND
MACY'S CORPORATE SERVICES, INC.
BOTH D/B/A MACY'S

NO. 22-CA-236

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 807-575, DIVISION "J"
HONORABLE STEPHEN C. GREFER, JUDGE PRESIDING

February 01, 2023

**JUDE G. GRAVOIS**
**JUDGE**

Panel composed of Judges Fredericka Homberg Wicker,
Jude G. Gravois, and Robert A. Chaisson

**MOTIONS TO DISMISS APPEAL DENIED; JUDGMENTS AFFIRMED**
    **JGG**
    **FHW**
    **RAC**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Alexis Barteet
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
KAREN YESSENIA ORELLANA HENRIQUEZ AND JOSE HENRIQUEZ
TERUEL JAAS
Cristian P. Silva

COUNSEL FOR DEFENDANT/APPELLEE,
MACY'S RETAIL HOLDINGS, INC.
John J. Danna, Jr.
Thomas W. Darling

COUNSEL FOR DEFENDANT/APPELLEE,
KELLERMEYER BERGENSON'S SERVICES, L.L.C.
Charles J. Foret
Jason R. Garrot

**GRAVOIS, J.**

In this slip-and-fall case, plaintiffs, Karen Yessenia Orellana Henriquez ("Karen") and Jose Henriquez Teruel Jaas, appeal the trial court's judgments which respectively granted the motions for summary judgment filed by defendants, Macy's Retail Holdings, Inc. and Kellermeyer Bergenson's Services, LLC, and dismissed all claims against defendants. After the appeal was lodged, both defendants filed motions to dismiss this appeal, arguing that the appeal is untimely because the order of appeal was not signed by the trial judge within the time period set forth in La. C.C.P. art. 2121, and that the order of appeal is defective because it improperly states the date of the final judgment and only specifies an appeal of the December 20, 2021 written judgment which granted the motion for summary judgment filed by Macy's and not the December 29, 2021 written judgment which granted the motion for summary judgment filed by Kellermeyer. For the following reasons, we deny defendants' motions to dismiss this appeal; we further affirm the judgments granting defendants' motions for summary judgment and dismissing plaintiffs' claims against defendants with prejudice.

## FACTS AND PROCEDURAL HISTORY

On June 19, 2020, plaintiffs filed a petition for damages related to an alleged slip-and-fall accident that occurred in a restroom at Macy's Department Store at Lakeside Shopping Center in Metairie, Louisiana. According to the petition, on or about September 8, 2019, around 6:30 p.m., Karen was shopping inside Macy's when she slipped and fell on an unknown substance on the floor. Plaintiffs alleged that at the time of the accident, there were no signs warning the patrons of the unknown substance on the floor. Plaintiffs named as defendants Macy's Retail Holdings, Inc. and Macy's Corporate Services, Inc. Plaintiffs subsequently filed an amended petition for damages to name as defendants Macy's Retail Holdings,

Inc. and Kellermeyer Bergenson's Services, LLC, who allegedly had a contract with Macy's at the time of the accident to provide cleaning services.

In response, both defendants filed motions for summary judgment. Kellermeyer argued in its motion for summary judgment that plaintiffs cannot meet their burden of proof in establishing that Kellermeyer was negligent in causing the accident since the wet floor was open and obvious. It asserted that Karen was sufficiently warned of the wet floor when she observed a lady with a mop and bucket in the restroom. Macy's argued in its motion for summary judgment that plaintiffs cannot prove all of the essential elements of their claim under the Louisiana Merchant Liability Statute, La. R.S. 9:2800.6, since Karen never looked at the floor to know if it was wet, and even if it was wet, any wet condition of the floor was open and obvious.

At a hearing on December 15, 2021, the trial court orally granted both motions for summary judgment, finding for both motions that the condition of the floor was open and obvious. On December 20, 2021, the trial court signed a written judgment granting the motion for summary judgment filed by Macy's and dismissing all claims against Macy's with prejudice. On December 29, 2021, the trial court signed a written judgment granting the motion for summary judgment filed by Kellermeyer and dismissing all claims against Kellermeyer with prejudice. This appeal followed.

On appeal, plaintiffs argue that the trial court erred in granting both motions for summary judgment because the trial court made factual determinations on the basis of Karen's deposition testimony and it misapplied the open and obvious doctrine to the facts of this case. Plaintiffs assert that considering the entirety of Karen's deposition, it is unclear that Karen saw someone in the act of mopping the floor or that she knew and/or was aware that the floor was wet. Plaintiffs highlight Karen's deposition testimony where she testified that the lady with the mop was

not doing any side-to-side mopping motions, the lady was not the focus of Karen's attention, Karen did not look down at the floor to know if it was wet, and Karen never heard any mopping sounds while she was using the restroom. Plaintiffs also argue that the trial court misapplied the open and obvious doctrine by considering only what Karen was aware of regarding the condition of the floor and not whether the condition was open and obvious to all.

## MOTIONS TO DISMISS APPEAL

Both Macy's and Kellermeyer filed motions to dismiss this appeal, arguing that the appeal is untimely because the order of appeal was not signed by the trial judge within the delays allowed pursuant to La. C.C.P. art. 2121,[1] and that the order of appeal is defective because it improperly states the date of the final judgment as December 15, 2021, and it only specifies an appeal of the December 20, 2021 written judgment (the Macy's judgment) and not the December 29, 2021 written judgment (the Kellermeyer judgment).

Regarding timeliness, plaintiffs timely filed a motion for appeal on January 18, 2022. However, the order of appeal attached to the motion was improperly captioned. The trial court denied the order and signed a "substitute order" with the proper caption on March 23, 2022, which was after the appeal delay expired. Appeals are favored in the law, must be maintained whenever possible, and will not be dismissed for mere technicalities. *Jones v. ABC Ins. Co.*, 19-141 (La. App. 5 Cir. 1/29/20), 290 So.3d 317, 324. In *Traigle v. Gulf Coast Aluminum Corporation*, 399 So.2d 183 (La. 1981), the Louisiana Supreme Court found that no appeal should be dismissed when the motion for appeal is timely filed, but the order is not signed until after the delay has run. Therein, the Supreme Court stated: "When an appellant timely files an order of appeal with the clerk of court, he has

---

[1] La. C.C.P. art. 2121 provides, in pertinent part: "An appeal is taken by obtaining an order therefor, within the delay allowed, from the court which rendered the judgment. …"

delivered it to a public official who has a duty to obtain the judge's signature thereon or sign it himself. When a timely filed order of appeal is not signed during the delay period, this is not a fault or defect imputable to the appellant." *Id*. at 186. In *Lifecare Hospitals, Inc. v. B & W Quality Growers, Inc.*, 39,065 (La. App. 2 Cir. 7/8/04), 875 So.2d 135, finding support in *Traigle*, the Second Circuit denied the appellee's motion to dismiss the appeal where the appellant failed to attach an order to his timely-filed motion for appeal and the order was not signed until after the appeal delay had expired. Upon review, we find plaintiffs timely filed their motion for appeal; it then became the duty of the Clerk of Court to obtain the trial judge's signature. Accordingly, we find the appeal timely.

Macy's and Kellermeyer also argue that the appeal should be dismissed because the appeal is defective since plaintiffs failed to properly identify the judgment appealed and failed to provide the correct judgment date. In the motion for appeal, plaintiffs stated that on December 15, 2021, the trial court in open court entered judgment against plaintiffs, granting "defendants' motions for summary judgment" and dismissing the case, and that on December 20, 2021, the judgment was signed. Both the motion and the order state that plaintiffs desire to take a devolutive appeal from the December 15, 2021 judgment. The December 29, 2021 written judgment was not mentioned.

In *Duplantier v. Krewe of Pygmalion*, 07-1034 (La. App. 4 Cir. 12/3/08), 1 So.3d 570, 572, the Fourth Circuit proceeded with an appeal of three judgments even though only two were referenced because "the record reflects that all parties thought the subject matter of the three judgments were being appealed and that none of the appellees were prejudiced by the mistake."[2] *See also Boulmay v.*

---

[2] An error misstating the date of judgment in a motion for appeal does not require dismissal where the: 1) appellant actually intended to appeal from a related judgment of the trial court; 2) errors assigned in brief on merits were adjudicated by a related judgment; or 3) parties were aware of which judgment appellant intended to appeal, and the appellee was not prejudiced

22-CA-236                                             4

*Heebe*, 17-0638 (La. App. 4 Cir. 12/27/17), 238 So.3d 459, 461-62, *writ denied*, 18-00193 (La. 3/23/18), 239 So.3d 299. Upon review, we find that it is evident from the record that plaintiffs sought to appeal both the December 20, 2021 and the December 29, 2021 judgments, both of which were orally granted in open court on December 15, 2021. Further, we find no prejudice to Macy's and Kellermeyer because of the misstatement in plaintiffs' motion for appeal. Appeals are favored in the law, and thus, we find that the appeal of both judgments granting defendants' motions for summary judgment are before us and will be addressed.

For the foregoing reasons, the motions to dismiss this appeal are denied.

## LAW AND ANALYSIS

On appeal, our review of summary judgments is *de novo*, using "the same criteria that govern the trial court's consideration of whether summary judgment is appropriate, *i.e.*, whether there is a genuine issue of material fact and whether the mover is entitled to judgment as a matter of law." *Champagne v. Ward*, 03-3211 (La. 1/19/05), 893 So.2d 773, 776; *Robinson v. Jefferson Parish Sch. Bd.*, 08-1224 (La. App. 5 Cir. 4/7/09), 9 So.3d 1035, 1043, *writ denied*, 09-1187 (La. 9/18/09), 17 So.3d 975. The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action. The procedure is favored and shall be construed to accomplish these ends. La. C.C.P. art. 966(A)(2).

"After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." La. C.C.P. art. 966(A)(3). "The burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment,

_____

by the error in date. *Duplantier*, 1 So.3d at 572, n.1 (citing *Wilson v. Transp. Consultants, Inc.*, 04-0334 (La. App. 4 Cir. 3/2/05), 899 So.2d 590, 596).

the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law." La. C.C.P. art. 966(D)(1).

## *Motion for Summary Judgment filed by Macy's*

La. R.S. 9:2800.6 governs negligence claims against a merchant and provides, in pertinent part:

A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.

B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:

(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.

(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.

(3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

In a slip-and-fall case against a merchant, a plaintiff must prove the essential elements of a standard negligence claim in addition to the requirements under La. R.S. 9:2800.6. *Burns v. Sedgwick Claims Mgmt. Servs.*, 14-421 (La. App. 5 Cir. 11/25/14), 165 So.3d 147, 152; *Sheffie v. Wal-Mart Louisiana LLC*, 13-792 (La. App. 5 Cir. 2/26/14), 134 So.3d 80, 83, *writ denied*, 14-0881 (La. 6/20/14), 141

So.3d 813. The failure to prove any of the requirements enumerated in La. R.S. 9:2800.6 is fatal to a plaintiff's cause of action. *Foster v. Pinnacle Entm't, Inc.*, 16-8 (La. App. 5 Cir. 4/27/16), 193 So.3d 288, 295; *Upton v. Rouse's Enter., LLC*, 15-484 (La. App. 5 Cir. 2/24/16), 186 So.3d 1195, 1199, *writ denied*, 16-0580 (La. 5/13/16), 191 So.3d 1057.

A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage. *Williams v. Supervalu, Inc.*, 18-143 (La. App. 5 Cir. 11/7/18), 259 So.3d 547, 551. Although the owner of a commercial establishment has an affirmative duty to keep the premises in a safe condition, he is not the insurer of the safety of his patrons. *Id.*

To determine whether a condition is unreasonably dangerous, courts are required to consider the following factors in the risk-utility test: (1) the utility of the complained of condition; (2) the likelihood and magnitude of harm, including the obviousness and apparentness of the condition; (3) the cost to prevent the harm; and (4) the nature of the plaintiff's activities in terms of social utility or whether the activities were dangerous by nature. *Bufkin v. Felipe's*, 14-288 (La. 10/15/14), 171 So.3d 851, 856.

The second prong of the risk-utility test focuses on whether the allegedly dangerous or defective condition was obvious and apparent. A defendant generally does not have a duty to protect against that which is obvious and apparent. In order for an alleged hazard to be considered obvious and apparent, the hazard should be one that is open and obvious to everyone who may potentially encounter it. *Bufkin*, 171 So.3d at 856. If the facts of a particular case show that the complained of condition should be obvious to all, the condition may not be

unreasonably dangerous, and the defendant may owe no duty to the plaintiff. *Helwig v. H.P.B., Inc.*, 15-389 (La. App. 5 Cir. 12/23/15), 182 So.3d 1169.

In support of both motions for summary judgment, defendants attached Karen's deposition.[3] Karen testified in her deposition that on September 8, 2019, she walked into a restroom in Macy's at Lakeside Mall. She described the restroom as having a small resting area with couches upon entry, followed by the sinks on both the left and right sides, and then the stalls. As she entered the restroom, there were two ladies on their way out, and "there was a lady that was mopping the floor. She was with the mop … ." She testified that the lady had a bucket as well. When questioned about the lady with the mop and bucket, Karen testified:

Q. When you walked in, there was a lady mopping as you walked through?

A. I remember seeing the lady with a mop. I can't tell you exactly what she was mopping.

Q. You saw her mopping when you walked in?

A. Correct.

Q. So you walked by the lady who was mopping and you knew she was mopping the floor, right?

A. Exactly.

Q. And you know when you mop the floor how you do that, you're mopping it with water?

A. Yes, and I walked very carefully.

Q. So you walked very carefully?

A. Exactly.

She walked into the stall and did not hear anything that sounded like mopping while in the stall. After using the restroom, she washed her hands and then started walking towards the exit. As she was walking past where the lady was

---

[3] Only portions of Karen's deposition were attached to Kellermeyer's motion for summary judgment, while the entirety of Karen's deposition was attached to the motion for summary judgment filed by Macy's.

mopping the floor, she slipped and fell. Karen testified that the lady mopping saw her fall since the lady was "right there when I was on my way out." The lady then apologized, and told Karen that she "never put the sign anyway because the customers move it." The two ladies she saw when walking in also came back in the restroom to check on her. Karen testified that she did not look at the floor when she walked out of the stall, but she was trying to walk slowly because "the lady was still mopping." She did not remember if her clothes were wet since she wasn't paying much attention because she was in so much pain. She stated that she did walk carefully both coming in and going out, but she would have walked differently if signs had been placed because "[u]sually they put the signs exactly where the wet area is."

After her fall, Karen got up and walked to her car, where her husband and children were. She then proceeded to the third floor of Macy's and filled out a report.

In her deposition, Karen was questioned multiple times about the lady with the mop and testified:

> Q. So you just saw that lady mopping. So you knew the floor was wet?
>
> A. Yes, but it has to be more wet than it was when I walked in, because if it was – do you know what I'm trying to say? When I was walking out, why did I slip when I was on my way out? I mean, it was more wet than it was when I was walking in.
>
> Q. So I guess my point being: You knew that somebody, when you were walking out, you knew that somebody had just mopped there, you knew that the floor was wet, correct?
>
> A. Yes.
>
> * * *
>
> Q. As you were walking through there, you knew if they had water on that ceramic tile it was going to be slippery, right?
>
> A. I imagine because she was with a mop, yes.
>
> Q. And you knew that you had to take little, short steps?

A. Yes.

Q. Were you doing that?

A. Yes.

Q. As you walked in there, you knew she had a mop bucket in there, correct?

A. Yes.

Q. And you chose to go in that restroom even though you saw her mopping as you walked in?

A. I needed to use the restroom, yes.

Q. You could have turned around and walked out if you chose to do so?

A. Yes.

Q. And you could have found another restroom because you knew they had other restrooms at Macy's, didn't they?

A. Yes, but I'm pretty sure that it was a Sunday. They were about to close because we were on our way out, so I really needed to use the restroom before leaving.

* * *

Q. … Was the lady physically in the act of mopping when you walked in?

A. I don't remember. I remember she was with a mop, not doing this like mopping side to side. She was with a mop, mopping like through here, so she was through the right side, so she was on the left side, so I guess, I assume because she saw me walking, she stop. [sic] She wasn't a focus of my attention. I was in a hurry to use the restroom, honestly, so I didn't pay --

Q. So you were in a hurry when you walked in?

A. Not in a hurry running. I just was walking going straight to the restroom.

Q. Was the floor wet when you walked in?

A. The side where I walk [sic], I cannot remember. I wasn't looking at the floor. I cannot tell if it was like wet, you know what I'm saying.

Q. Okay.

A. I just walked, but when I was on my way out, I definitely want to tell that was wet because that's when I fell. That's when I slipped, that floor was wet and I slipped.

Upon *de novo* review, we find that the condition of the floor at the time of the accident was open and obvious. Karen's deposition revealed that when she entered the restroom, there was a lady with a mop and bucket. Upon seeing the lady with the mop and bucket, she admitted to walking carefully, both before and after using the restroom. Though she testified that she did not know if the floor was wet when she walked in, she admitted that the floor was wet when she walked out and fell. Also, she stated that she fell right near where the lady with the mop stood. She admitted that after seeing the woman mopping, she could have turned around and gone to find another restroom, but did not. Considering Karen's own admissions, though there may have been no warning cones or signs in the restroom at the time of the accident, under these specific circumstances, we find that the presence of the lady with the mop and bucket in the restroom was sufficient to warn Karen or any ordinary reasonable person of a potentially hazardous condition. Under these facts, we agree with the trial court's finding that the condition of the floor was open and obvious.

The burden then shifted to plaintiffs who failed to present evidence sufficient to establish that they will be able to satisfy their evidentiary burden of proof at trial. Plaintiffs argue that summary judgment should not be granted because the testimony the trial court relied on from Karen's deposition could be interpreted by the trier of fact as inconsistent with her other deposition testimony. We find however that Karen's deposition testimony clearly provides that she saw a lady with a mop and bucket when she entered the restroom, causing her to walk carefully both going into the restroom and while she was leaving. She slipped and fell right as she passed the lady with the mop and bucket. Any perceived inconsistencies in Karen's deposition testimony are not sufficient to create a genuine issue of material fact.

Accordingly, we find that there are no genuine issues as to material fact and that Macy's is entitled to judgment as a matter of law.

### *Motion for Summary Judgment filed by Kellermeyer*

In Louisiana, "every act ... of man that causes damage to another obliges him by whose fault it happened to repair it." La. Civ. Code art. 2315(A). To succeed on a claim of negligence in Louisiana, the plaintiff must prove five elements: (1) that the defendant had a duty to conform his conduct to a specific standard (the duty element); (2) that the defendant's conduct failed to conform to the appropriate standard (the breach element); (3) that the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries (the cause-in-fact element); (4) that the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the proximate cause/legal cause/scope of liability/scope of protection/scope of duty element); and (5) actual damages (the damages element). *Vince v. Koontz*, 16-521 (La. App. 5 Cir. 2/8/17), 213 So.3d 448, 455, *writ denied*, 17-429 (La. 4/24/17), 221 So.3d 67 (citing *Rando v. Anco Insulations Inc*., 08-1163 (La. 5/22/09), 16 So.3d 1065, 1086).

For the same reasons stated above, upon our *de novo* review and under the specific facts of this case, we find that the condition of the floor at the time of the accident in question was open and obvious. As previously discussed, Karen admitted in her deposition testimony that there was a lady with a mop and bucket present as she entered the restroom, causing her to walk carefully both before and after using the restroom. She admitted to the floor being wet when she was on her way out, and that she could have used another restroom, but did not. Upon review, we find that Kellermeyer met its burden of proving an absence of factual support for plaintiffs' claims that Kellermeyer owed a duty to Karen, since the wet floor was open and obvious and did not pose an unreasonable risk of harm. Plaintiffs failed to put forth factual support to show they can carry their burden of proof at

trial.  Accordingly, we find that there are no genuine issues as to material fact and that Kellermeyer is entitled to judgment as a matter of law.

## DECREE

For the foregoing reasons, the motions to dismiss this appeal are denied; further, the December 20, 2021 and December 29, 2021 judgments respectively granting the motions for summary judgment filed by Macy's and Kellermeyer are affirmed.

**MOTIONS TO DISMISS APPEAL**
**DENIED; JUDGMENTS AFFIRMED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
INTERIM CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**FEBRUARY 1, 2023** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

# 22-CA-236

## E-NOTIFIED

24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE STEPHEN C. GREFER (DISTRICT JUDGE)
CRISTIAN P. SILVA (APPELLANT)          JOHN J. DANNA, JR. (APPELLEE)          THOMAS W. DARLING (APPELLEE)

## MAILED

LAURA W. CHRISTENSEN (APPELLEE)       CHARLES J. FORET (APPELLEE)       JASON R. GARROT (APPELLEE)
ATTORNEY AT LAW                        ATTORNEY AT LAW                    ATTORNEY AT LAW
2223 QUAIL RUN DRIVE                    413 TRAVIS STREET                 POST OFFICE DRAWER 51367
SUITE C-2                              SUITE 200                         LAFAYETTE, LA 70505
BATON ROUGE, LA 70808                  LAFAYETTE, LA 70503